# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: November 27, 2018

```
* * * * * * * * * * * * * * * * *
CARRIE HODKINSON and CHAD            *
HODKINSON, parents and natural       *        UNPUBLISHED
guardians of E.H., a minor,          *
                                     *        No. 14-660V
                Petitioners,         *
v.                                   *        Special Master Gowen
                                     *
SECRETARY OF HEALTH                  *        Attorneys' Fees and Costs;
AND HUMAN SERVICES,                  *        Interim Award.
                                     *
                Respondent.          *
* * * * * * * * * * * * * * * * *
```

<u>Robert J. Krakow</u>, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioners.
<u>Debra A. Begley</u>, United States Department of Justice, Washington, DC for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 20, 2018, Carrie Hodkinson and Chad Hodkinson, parents and natural guardians of E.H., a minor ("petitioners") filed a motion for interim attorneys' fees and costs. Petitioners' Interim Application ("Pet. Int. App.") (ECF No. 93). For the reasons discussed below, the undersigned **GRANTS** petitioners' motion and awards a total of **$126,423.13** in *interim* reasonable attorneys' fees and costs.

### I.   Procedural History

On June 5, 2013, E.H. received a Pentacel vaccine (containing diphtheria-tetanus-acellular pertussis ("DTaP"), haemophilus b conjugate ("Hib"), and poliovirus). Approximately one day later, E.H. experienced seizures and was hospitalized. Treating physicians recorded that E.H. had suffered an acute ischemic stroke.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of  privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

On August 15, 2013, petitioners contacted the current counsel of record, Robert J. Krakow, regarding filing a claim in the National Vaccine Injury Compensation Program.[2]  He obtained the available medical records and analyzed the case.

On July 28, 2014, petitioners, through their counsel, filed their claim in the Vaccine Program.  Petition (ECF No. 1).  Petitioners allege that E.H. suffered an encephalopathy meeting the definition and specified onset after the DTaP vaccine as set forth in the Vaccine Injury Table.  Petition at ¶ 43; *see* 42 C.F.R. § 100.3.  In the alternative, petitioners allege that E.H.'s injuries were caused-in-fact by the vaccines E.H. was given on June 5, 2013.   Petition at ¶ 44.  This was followed by voluminous records and an initial Statement of Completion on September 20, 2013 (ECF No. 12).

The case was assigned to my docket.  In fall 2014, respondent elected to litigate the case.  Scheduling Order (ECF No. 14).  Petitioners duly filed updated records from numerous providers and an affidavit from petitioner Carrie Hodkinson.  Petitioners then sought expert opinion(s).  From November 2014 – March 2015, petitioners' counsel consulted with a neurologist, Marcel Kinsbourne, M.D., who suggested that the inflammation induced by vaccination led to a stroke.  Dr. Kinsbourne did not prepare a report.  Pet. Int. App. at 6; *id.* at tab 2 at 29-34; *id.* at tab 8 at 1.  Petitioners then retained a specialist in vascular disease, Meredith McBride, M.D.  Her first report was filed in November 2016.  Petitioners' Exhibit ("Pet. Ex.") 62.

In March 2017, respondent filed a Rule 4(c) report opposing compensation.  First, respondent contended that petitioners had not established by preponderant evidence that E.H. suffered a Table encephalopathy.  Respondent's ("Resp.") Report (ECF No. 58) at 8.  Respondent also opposed causation-in-fact.  He submitted the first reports of a hematologist, Joan Cox Gill, M.D., and a neurologist, Dana Cummings, M.D.  *Id.* at 10-12; Resp. Exs. A, B.

In April 2017, I held a Rule 5 status conference.  I indicated that supplemental expert reports may be helpful and that petitioners should consider retaining an expert in immunology and/ or hematology.  Scheduling Order (ECF No. 59).  Petitioners filed the first report of a hematologist, Mark Levin, M.D. in December 2017.  Pet. Ex. 63.  They filed Dr. McBride's second report in January 2018, Pet. Ex. 65, and Dr. Levin's second report in March 2018, Pet. Ex. 66.

In May 2018, respondent communicated that Dr. Gill was no longer able to participate in the case due to serious medical issues.  Motion to Stay (ECF No. 84).  In June 2018, respondent communicated that Dr. Gill had passed away.  Status Report (ECF No. 85).  In September 2018, respondent filed a second report from Dr. Cummings and the first report from an immunologist, Andrew McGinnitie, M.D.  Resp. Exs. C, D.  In October 2018, respondent filed the first report from a biostatistician, Lawrence Moulton, M.D.  Resp. Ex. F.

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

A status conference to review the supplemental expert reports and to set further proceedings is currently set for December 12, 2018.  Status Conference Order (Non-PDF) entered on November 26, 2018.  This claim is not currently set for an entitlement hearing.

On October 20, 2018, petitioners filed the instant motion for an interim award of reasonable attorneys' fees and costs.  Pet. Int. App. (ECF No. 93).  They request $100,414.55 in interim attorneys' fees and $26,008.58 in interim attorneys' costs, for a total interim fee of $126,423.13.  *Id.* at 3.  Petitioners aver that as of October 5, 2018, they have not personally incurred any costs associated with the prosecution of this petition.  *Id.* at 4, attachment 5.

On November 2, 2018, respondent filed a response to petitioners' application for interim attorneys' fees and costs.  Resp. Response (ECF No. 94).  Respondent defers to the special master to determine whether or not petitioner has met the legal standard for interim attorneys' fees and costs award set forth in *Avera v. Sec'y of Health and Human Servs.*, 515 F.3d 1345 (Fed. Cir. 2008).  *Id.* at 2.  "Respondent is otherwise satisfied that the statutory requirements for an award for attorneys' fees and costs are met in this case."  *Id.* (citing Vaccine Act, Section 15(e)(1)(A)-(B)).  Respondent "respectfully requests that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.  On November 2, 2018, petitioners filed a brief reply providing that they "respectfully rely on the facts, law, and argument presented" in their interim application.  Pet. Reply (ECF No. 94).[3] Thus, this matter is now ripe for review.

## II.    Entitlement to Attorneys' Fees and Costs

### A.  General Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation.  §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought."  § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).  In this case, respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met.  Resp. Response at 2.  In light of respondent's position and my full review of the evidence, I find that this claim was filed with and has maintained good faith and reasonable basis.

---

[3] Pursuant to Vaccine Rule 20, a petitioner has the right to file a reply within 7 days of a response to an application for attorneys' fees and costs.  Please note that in a case (like this one) where respondent does not raise any specific objections and generally recommends that the special master exercise his discretion, the undersigned special master does not particularly need to receive a reply from the petitioner.  However, petitioner may file a reply to raise additional arguments or simply to confirm that the matter is ripe for adjudication.

### B.  Interim Awards

Section 15(e) of the Vaccine Act permits an award of reasonable attorneys' fees and costs.  In addition, the Vaccine Act permits interim attorneys' fees and costs.  *See Avera*, 515 F.3d at 1352; *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010).  When a petitioner has yet to prove entitlement, the special master may grant an interim award of reasonable attorneys' fees and costs if the special master "determines that the petition was brought in good faith and there was a reasonable basis for the claim."  § 15(e)(1)(B); *Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013).  I find that this claim was brought in good faith and on a reasonable basis.

In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "*the claimant* establishes that the cost of litigation has imposed an undue hardship."  609 F.3d at 1375 (emphasis added).  In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  515 F.3d 1352.  I do not routinely grant interim fee applications.  I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.  If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred.  These are, however, only informal requirements, and there ultimately are many factors bearing on the merit of an interim fee application.  I evaluate each one on its own merits.

Here, petitioners' counsel has been working on this claim for over five years.  The claim has been pending in the Vaccine Program for over four years.  Petitioners' counsel has logged over $30,000 in attorneys' fees and has incurred over $15,000 in costs involving multiple experts.  Indeed, petitioners retained the expert in hematology, at my recommendation, to counter respondent's expert in that field.  Respondent has devoted considerable resources in litigating this claim and has not invited settlement discussions.

I have not fully reviewed the latest round of expert reports which will be discussed at the status conference on December 12, 2018.  However, I agree that the claim involves complex issues.  It may necessitate further expert reports and/ or an entitlement hearing at a later date.  There is a significant likelihood that this claim will not be resolved for some time.  Accordingly, based on the substantial expenses incurred to date and the protracted nature of this claim, I find it appropriate to award interim attorneys' fees and costs at this time.

## III.   Reasonable Attorneys' Fees and Costs

### A.  Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at

1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id.* at 1348.  Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991).  They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson*, 24 Cl. Ct. at 484.  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484, n. 1.  Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B.  Hourly Rates

Petitioners request that I award the following rates:

|  | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 |
|---|---|---|---|---|---|---|
| **Robert Krakow** | $385 | $396 | $413 | $425 | $435 | $450 |
| **Paralegals** | -- | $125 | $125 | $125 | $140 | $140 |

Pet. Int. App., Tab 2.  The requested rates for 2013 - 2016 are consistent with my previous decisions.  *See, e.g., Anderson v. Sec'y of Health & Human Servs.*, No. 16-935, 2017 WL 2119137 (Fed. Cl. Spec. Mstr. April 14, 2017).  I have not previously addressed Mr. Krakow and his paralegals' rates for 2017 and 2018.  However, several other special masters have found that the rates above are reasonable and should be awarded.  *See, e.g., Klempner v. Sec'y of Health & Human Servs.*, No. 16-1197V, 2018 WL 3991443, at *2 (Fed. Cl. Spec. Mstr. July 12, 2018); *Hamilton v. Sec'y of Health & Human Servs.*, No. 14-785, 2018 WL 2772197, at *7 (Fed. Cl. Spec. Mstr. April 12, 2018); *P.R. v. Sec'y of Health & Human Servs.*, No. 10-96V, 2018 WL 2225172, at *2-3 (Fed. Cl. Spec. Mstr. April 5, 2018).  I agree that the increased rates for 2017 and 2018 are merited by the individuals' increased experience and the rate of inflation.  Thus, those rates will also be awarded.

### C.  Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484.  Rather, I may rely on my experience to evaluate the reasonableness of hours expended.  *Id.*  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Petitioners request compensation for 226 hours of attorney time and 51.5 hours of paralegal time expended from 2014 to October 18, 2018.  Pet. Int. App. at 5; *id.*, tab 2 at 59.  The billing record provides the date, detailed description(s) of the task(s) performed, the requested rate, and time expended.  Paralegal tasks such as preparing documents for filing are appropriately billed at a paralegal rate.  There do not appear to be entries for non-compensable administrative tasks.  The entries are generally reasonable and will be awarded.

### D.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  *Perreira*, 27 Fed. Cl. 29, 34.  Here, petitioners request interim costs in the amount of $26,008.58.  This includes reimbursement for the filing fee, medical records, medical literature, postage, printing, and photocopies.  Pet. Int. App., Tab 3.

Petitioners also request reimbursement of $12,337.50 for Dr. McBride, $7,500.00 for Dr. Levin, and $2,700.00 for Dr. Kinsbourne.  Each expert submitted an invoice detailing their work and the dates on which it was performed.  Pet. Int. App., Tabs 4-6.  Each expert's rate and hours expended are generally reasonable.  Of note, this is the first Vaccine Program claim in which Dr. McBride has opined.  Pet. Int. App. at 18.  She has strong qualifications including board certifications in vascular and general surgery and she has maintained a clinical practice since 1998.  My tentative opinion is that she is a capable expert in her field, with a grasp of the complex issues in this claim and the standards of proof applicable in the Vaccine Program.  Dr. McBride requests an hourly rate of $375.  For the foregoing reasons, I will approve this rate.

Upon review, all of the requested costs are adequately documented and generally reasonable.  Accordingly, they will be awarded.

## IV.  Conclusion

In accordance with the foregoing, petitioners' application for interim attorneys' fees and costs is **GRANTED**.  Accordingly, I award the following *interim* reasonable attorneys' fees and costs:

1) **A lump sum in the amount of $126,423.13, representing reimbursement for** *interim* **attorneys' fees and costs, in the form of a check payable jointly to petitioners and their counsel, Robert J. Krakow of the Law Office of Robert J. Krakow, P.C.**

In the absence of a motion for reconsideration or review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' separate or joint filing of a notice renouncing their right to seek review.