# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 2, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | |
| CARRIE HODKINSON and CHAD HODKINSON, parents and natural guardians of E.H., a minor, | * * * * | UNPUBLISHED |
| | * | No. 14-660V |
| Petitioners, | * | |
| v. | * * | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Attorneys' Fees and Costs; Interim Award. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * | | |

Robert J. Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioners.
Debra A. Begley, United States Department of Justice, Washington, DC for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On September 5, 2021, Carrie Hodkinson and Chad Hodkinson, parents and natural guardians of E.H., a minor ("petitioners") filed a second motion for interim attorneys' fees and costs. Petitioners' Interim Application ("Pet. Int. App.") (ECF No. 209). For the reasons discussed below, the undersigned **GRANTS** petitioners' motion and awards a total of **$320,557.76** in *interim* reasonable attorneys' fees and costs.

**I.   Procedural History**

On November 27, 2018, I issued a Decision on Interim Attorneys' Fees and Costs, granting petitioner's initial interim attorneys' fees and costs motion. Decision on Interim Fees (ECF No. 96). The decision includes a procedural history of the case from when the petition was filed on July 28, 2014 through November 27, 2018. As such, I will not repeat the initial procedural history of the case in this interim fees decision.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

Since petitioner's initial interim fees motion was granted, the parties engaged in unfruitful settlement discussions, which ultimately led to an entitlement hearing being held on August 3-5, 2021.  Scheduling Order (ECF No. 147).

Additionally, both parties filed supplemental expert reports.  Petitioner filed an expert report from Joel Gagnier, ND, Msc, PhD.  Petitioner's Exhibit ("Pet. Ex.") 78 (ECF No. 134).  Respondent filed a supplemental expert report from Dana D. Cummings, M.D., PhD.  Respondent's ("Resp.") Ex. G.  Respondent also filed an expert report from Lawrence Moulton, PhD.  Resp. Ex. K (ECF No. 173).

On March 28, 2021, petitioner filed another expert report from M. Eric Gershwin, M.D.  Pet. Ex. 103 (ECF No. 174).  Petitioner also filed an additional expert report from Mark S. McNulty, PhD.  Pet. Ex. 106 (ECF No. 175).  On March 30, 3021, petitioner filed an expert report from Mark Levin, M.D. Pet. Ex. 107 (ECF No. 177).  Then petitioner filed a supplemental report from Dr. Joel Gaginer.  Pet. Ex. 108 (ECF No. 179).

On June 9, 2021, respondent filed an expert report from Andrew MacGinnitie, M.D., PhD.  Resp. Ex. L (ECF No. 184).

After the parties provided prehearing submissions, an entitlement hearing was held on August 3-5, 2021.  Throughout this time, petitioner had been filing updated medical records.  After the entitlement hearing, I held a status conference with the parties, where the parties discussed whether a Table claim could be made.

On September 5, 2021, petitioners filed a second motion for interim attorneys' fees and costs.  Pet. Int. App.  They request $215,989.00 in attorneys' fees and $104,568.76 in costs.  Petitioners aver that their attorney has spent substantial resources in time and money in continuing to pursue their claim and it would be an economic hardship for him to keep performing work without interim compensation.  Pet. Int. App. at 5.

On September 20, 2021, respondent file a response to petitioner's motion for interim fees.  Resp. Response (ECF No. 212).  Respondent stated, "…respondent defers to the special master as to whether petitioner has met the legal standard for an interim fees and costs award, set forth in *Avera v. Sec'y of Health & Hum. Servs.,* 515 F.3d 1343 (Fed. Cir. 2008).  If the special master determines that an interim award is appropriate, respondent is satisfied the other statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp. Response at 2.  As such, "Respondent therefore respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 4.  Petitioner filed a reply the same day.  Pet. Reply (ECF No. 213).

This matter is now ripe for adjudication.

I. **Entitlement to Attorneys' Fees and Costs**

   A. **General Legal Standard**

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).  In this case, respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met.  Resp. Response at 2.  In light of respondent's position and my full review of the evidence, I find that this claim was filed with and has maintained good faith and reasonable basis.

### B. Interim Awards

Section 15(e) of the Vaccine Act permits an award of reasonable attorneys' fees and costs.  In addition, the Vaccine Act permits interim attorneys' fees and costs.  *See Avera*, 515 F.3d at 1352; *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010).  When a petitioner has yet to prove entitlement, the special master may grant an interim award of reasonable attorneys' fees and costs if the special master "determines that the petition was brought in good faith and there was a reasonable basis for the claim." § 15(e)(1)(B); *Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013).  I find that this claim was brought in good faith and with a reasonable basis.

In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "*the claimant* establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375 (emphasis added).  In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352.  I do not routinely grant interim fee applications.  I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.  If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred.  These are, however, only informal requirements, and there are many factors bearing on the merit of an interim fee application.  I evaluate each one on its own merits.

Here, petitioners' counsel has been working on this claim for over eight years.  The claim has been pending in the Vaccine Program for over seven years.  Petitioners' counsel has incurred well over $30,000 in attorneys' fees and has incurred substantially more than $15,000 in costs since the previous interim fees and costs award, due to the entitlement hearing and the addition of other experts.  Additionally, petitioners' counsel is likely to incur additional fees in the future associated with post-hearing briefing and there is a significant likelihood that this claim will not be resolved for some time.  Accordingly, based on the substantial expenses incurred to date and the protracted nature of this claim, I find it is appropriate to award petitioners' counsel interim attorneys' fees and costs at this time.

## II.    Reasonable Attorneys' Fees and Costs

### A.  Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B.  Attorneys' Hourly Rates

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Hum. Servs.,* No. 09-293V, 2015 WL 5634223 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2021 are provide online.

Here, petitioners' requests that Mr. Krakow be reimbursed at hourly rates of $450.00 per hour for 2018; $464.00 per hour for 2019; $484.00 per hour for 2020; and $509.00 per hour for 2021. Additionally, petitioners' request that associate attorney, Mr. Elan Gerstmann be awarded an hourly rate of $445.00 per hour for 2020 and $475.00 per hour for 2021. Additionally, petitioners request the reimbursement for work performed by a paralegal at hourly rates of $150.00 for 2018; $156.00 for 2019; $163.00 for 2020; and $172.00 for 2021. These rates are reasonable and have been awarded in the past to Mr. Krakow, Mr. Gerstmann and the paralegal.

*See e.g. Posniak v. Sec'y of Health & Hum. Servs.,* No. 16-1351V, 2021 WL 3052646, at *2 (Fed. Cl. Spec. Mstr. June 28, 2021); *Klempner v. Sec'y of Health & Human Servs.*, No. 16-1197V, 2018 WL 3991443, at *2 (Fed. Cl. Spec. Mstr. July 12, 2018); *Hamilton v. Sec'y of Health & Human Servs.*, No. 14-785, 2018 WL 2772197, at *7 (Fed. Cl. Spec. Mstr. April 12, 2018); *P.R. v. Sec'y of Health & Human Servs.*, No. 10-96V, 2018 WL 2225172, at *2-3 (Fed. Cl. Spec. Mstr. April 5, 2018); *Santoroski v. Sec'y of Health & Hum. Servs.,* No. 15-1294V, 2020 WL 3577842 (Fed. Cl. Spec. Mstr. June 8, 2020). Thus, the requested rates will be awarded.

### C. Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Petitioners request compensation for 426.6 hours of attorney time and 38.25 hours of paralegal time expended from 2014 to October 18, 2018. Pet. Int. App. at 5; *Id.* Tab 2. The billing record provides the date, detailed description(s) of the task(s) performed, the requested rate, and time expended. Paralegal tasks such as preparing documents for filing are appropriately billed at a paralegal rate. There do not appear to be entries for non-compensable administrative tasks. This case involves complex issues of medical causation and statistics involving severe neurological injury to an infant. The entries are generally reasonable and will be awarded.

### D. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira*, 27 Fed. Cl. 29, 34. Here, petitioners request interim costs in the amount of $104,568.76. This includes reimbursement for the medical records, medical literature, postage, printing, and photocopies, identifying experts and expert costs. Pet. Int. App. at 20.

The bulk of petitioners' interim attorneys' costs request has been incurred by the retention of multiple experts. Specifically, petitioners retained five experts. Specifically, petitioners request reimbursement of $36,625.00 for Dr. Eric Gershwin, $10,680.00 for Dr. McBride; $10,100.00 for Dr. Mark Levin, $7,075.00 for Dr. Mark McNulty and $36,150.00 for Dr. Joe; Gagnier. Pet. Int. Mot. at 26. Each expert submitted an invoice detailing their work and the dates on which it was performed. Pet. Int. App., Tabs 4-6. These experts not only drafted multiple reports, but also testified during the entitlement hearing in August 2021. I previously found the rates for Dr. McBride and Levin to be reasonable in the prior interim fees decision and as such, will be awarded in full. Dr. Gershwin's rate of $500.00 per hour has been previously awarded by me and other special masters in the program. *See Barenblit on behalf of A.S. v. Sec'y of Health & Hum. Servs.,* No. 18-180V, 2020 WL 7774608, at *3 (Fed. Cl. Spec. Mstr. Dec. 2, 2020); *Santoroski v. Sec'y of Health & Hum. Servs.,* No. 15-1294V, 2019 WL 3577842 (Fed. Cl. Spec. MStr. June 8, 2020). Dr. McNutly, is an economist and statistician and provided two

5

expert reports and testified at the entitlement hearing, charged $400.00 per hour. Given Dr. McNulty's credentials, with a Ph.D. in Economics and Statistics, and the work he provided, I find these rates to be reasonable. Finally, Dr. Gagnier, an epidemiologist and biostatistician, provided two expert reports is requesting to be reimbursed at $350.00 for the expert reports and $500.00 per hour for hearing observation and testimony. Pet. Int. App. at 28. I find these rates to be reasonable and shall be awarded in full.

Upon review, all of the requested costs are adequately documented and generally reasonable. Accordingly, they will be awarded.

### III. Conclusion

In accordance with the foregoing, petitioners' application for interim attorneys' fees and costs is **GRANTED**. Accordingly, I award the following *interim* reasonable attorneys' fees and costs:

1) **A lump sum in the amount of $320, 557.76 representing reimbursement for *interim* attorneys' fees and costs, in the form of a check payable jointly to petitioners and their counsel, Robert J. Krakow of the Law Office of Robert J. Krakow, P.C.**

In the absence of a motion for reconsideration or review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[2]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' separate or joint filing of a notice renouncing their right to seek review.